UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY C. HAMPTON, et al, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-247 |
| | § | |
| MARITIME ASSOCIATION INTERNATIONAL LONGSHOREMAN ASSOCIATION PENSION RETIREMENT WELFARE AND VACATION FUNDS, | § § § § § § | |
| Defendant. | § § § | |

## ORDER

Plaintiffs filed a Motion to Consolidate, asking this Court to consolidate this matter with another, later-filed case, now pending in the Houston Division of the United States District Court for the Southern District of Texas, 4:16-cv-02103 *Hampton et al v. ILA Local 24*.

According to Plaintiffs, in November 2013, the members of International Longshoremen's Association Local 24 "voted to file a lawsuit against maritime association —I.L.A. Pension, Retirement, Welfare and Vacation Funds" complaining that money from the Container Royalty 5 Fund, "should have been paid directly to the membership, but was instead diverted to pension plans." Plaintiffs further allege that the members of ILA Local 24 also voted to "hire The Law Offices of Reginald E. McKamie, Sr., PC., to represent them in the suit and that ILA 24 would pay the legal expenses." Dkt. 1-7 in 4:16-cv-2103.

Almost two years later, in September 2015, Plaintiffs Anthony C. Hampton, Edward J. Richards, and Ricky Henderson filed suit in this Court, alleging that Defendant Maritime Association - I.L.A. Pension, Retirement, Welfare and Vacation Funds (the Association) had breached its fiduciary duty and contractual obligation and improperly diverted more than $14,000,000.00 to a pension plan that the Association controls and pays millions of dollars in fees to third parties for "administrative expenses." The Association is the sole defendant in the suit. The discovery cut-off in this suit was March 17, 2017, docket call is set for June 17, 2017, and the jury trial is set for July 2017.

Nine months after they filed suit in this Court, Plaintiffs then filed a declaratory judgment action in the 165th Judicial District Court of Harris County Texas. The single defendant in that case is "International Longshoremen's Association Local 24," who removed the suit to the Houston Division. In that case, Plaintiffs assert a declaratory judgment claim, asking for a declaration that "ILA 24 is bound by the vote of its membership to pay the legal fees incurred both in the past and in the future in bringing the action against [the Association]" and that Plaintiffs are entitled to "reimbursement of past legal expenses." The discovery cut-off in that lawsuit is June 30, 2017, and the case is set for a bench trial in November or December 2017.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Consolidation does not merge

the suits into a single action or change the rights of the parties; rather, consolidation is "intended only as a procedural device used to promote judicial efficiency and economy" and "the actions maintain their separate identities." *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973); *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011).

"In weighing consolidation, courts consider whether: the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial." *Taylor v. Ocwen Loan Servicing, LLC*, CIV.A. H-12-2929, 2013 WL 3356231, at *1 (S.D. Tex. July 3, 2013) (citing *Arnold & Co., LLC v. David K. Young Consulting, LLC*, 2013 WL 1411773, at *1–2 (W.D.Tex. Apr.8, 2013)).

Weighing these factors, and considering both lawsuits, the Court DENIES the motion to consolidate. Although both lawsuits involve the same three plaintiffs, there is not enough overlap of the facts or claims in the two lawsuits to warrant consolidation here. Further, the actions are pending in two separate divisions, involve different Defendants, and are at different procedural stages. Given the different nature of the claims asserted against two separate Defendants in these lawsuits, there is little if any risk

of inconsistent adjudications of common factual or legal questions if these suits are tried separately, and in light of the different claims and procedural histories, consolidation will not reduce the time and costs to the parties or to courts.

Accordingly, the Motion to Consolidate is **DENIED**.


SIGNED at Galveston, Texas on April 25 2017.

                                            GEORGE C. HANKS, JR.
                                      UNITED STATES DISTRICT JUDGE