United States District Court
Southern District of Texas
**ENTERED**
July 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANTHONY C. HAMPTON, *et al*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-247 |
| § | |
| MARITIME ASSOCIATION § | |
| INTERNATIONAL LONGSHOREMAN § | |
| ASSOCIATION PENSION RETIREMENT § | |
| WELFARE AND VACATION FUNDS, § | |
| § | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are three individual members of the International Longshoremen's Association Local 24 who filed suit against the Maritime Association ILA Pension Retirement Welfare and Vacation Funds ("the Funds"), through their Trustees; contending the Trustees of the Funds misapplied certain funds when they placed money into a pension account rather than into a "Vacation and Holiday Pay" fund. Accordingly, Plaintiffs assert causes of action for breach of contract and breach of fiduciary duty against the Trustees of the Funds. Dkt. 1.

Defendants have now moved for summary judgment on all of these claims. After reviewing the motion, the response, the reply, and the summary judgment record as a whole, the Court finds that there is no genuine dispute of material fact and Defendants are entitled to summary judgment in their favor.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Johnson v. World All. Fin. Corp.,* 830 F.3d 192, 195 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "When assessing whether a dispute as to any material fact exists, [the Court] consider[s] all the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence; instead, [the Court] draw[s] all reasonable inferences in favor of the nonmoving party." *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.,* 719 F.3d 356, 362 (5th Cir. 2013) (citation omitted). Accordingly, in conducting this analysis, "evidence and factual inferences are viewed "in the light most favorable to the [nonmovant]." *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir. 2004) (citation omitted). However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). Instead, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

## ANALYSIS

**A. Breach of Contract Claim**

Plaintiffs allege Defendants' alleged diversion of funds "is and was contrary" to the I.L.A. Master Contract of 2004. However, Defendants argue there is no evidence that the Trustees of the Funds are parties to this contract. The Court agrees with Defendants.

The 2004 Master Contract is attached as an exhibit to Defendants' motion for summary judgment, and it states that it is between "United States Maritime Alliance, Ltd." and the "International Longshoremen's Association, AFL-CIO (For and on Behalf of Itself and Each of its Affiliated Districts and Locals Representing Longshoremen, Clerks, Checkers and Maintenance Employees Working On Ships and Terminals in Ports on the East and Gulf Coasts of the United States)." The first party, the United States Maritime Alliance, Ltd. is further defined as "[t]he multiemployer management group . . . consist[ing] of the carriers, stevedores, marine terminal operators, and port associations that are members of USMX [and those that later become members] as well as those carriers and other employers bound hereto by operation of law." Plaintiffs contend that, because the 2004 Master Contract creates the Funds, then the Funds are "creatures of contract," and so are the Defendants themselves, and thus privity exists. Plaintiffs do not supply a citation to support this argument. Both parties generally rely on Texas law to support their positions.

However, "Texas law does not provide a cause of action for breach of

contract against a defendant who is not a party to the underlying contract." *Stewart Title Guar. Co. v. Stewart Title Latin Am., Inc.,* 4:12-CV-03269, 2017 WL 1078759, at *4 (S.D. Tex. Mar. 21, 2017) (internal citations omitted). Accordingly, the Court finds that Defendants cannot not be held liable for the alleged breach of a contract to which they are not a party, and they are therefore entitled to summary judgment on the breach of contract claim.

Alternatively, there is no competent summary judgment evidence to demonstrate that the Defendants have taken any actions that would be contrary to the Agreement. In an attempt to defeat the Defendants' motion, Plaintiffs submitted the affidavits of Plaintiff Anthony C. Hampton and Plaintiff Ricky Henderson, who both state that they are members of the ILA Local 24 and that they have "personal knowledge that the Board of Trustees of Maritime Association-ILA Retirement Fund are diverting Container Royalty 5 (CRS) funds from the vacation and holiday plan to the pension plan with knowledge that such diversion is in violation of the master contract." Such conclusory affidavits cannot defeat a motion for summary judgment of the kind presented here. Accordingly, on this basis as well, the Court finds that Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

### B. Breach of Fiduciary Duty Claim

Similarly, the Court finds that Defendants are entitled to summary judgment in their favor on Plaintiffs' breach of fiduciary duty claim. As noted above, Plaintiffs' summary judgment evidence was primarily composed of self-serving statements and

legal conclusions in their own affidavits. Even assuming that this is a properly pled claim under ERISA for a breach of fiduciary duty by Trustees, Plaintiffs' evidence fails to raise a genuine dispute of material fact as to whether Defendants' alleged actions were, in fact, a breach of any duty owed to Plaintiffs.

First, the Court finds that Defendants are entitled to summary judgment on the question of whether there is competent summary judgment evidence to show that they were fiduciaries within the meaning of ERISA. It is not enough to merely allege that a person or entity is a "fiduciary" under ERISA in order to bring a claim-instead, the inquiry is more nuanced. "A fiduciary within the meaning of ERISA must be someone acting in the capacity of manager [or] administrator." *Pegram v. Herdrich,* 120 S.Ct. 2143, 2151 (2000). Merely performing administrative duties as required by the plan is not a fiduciary function. *See* 29 C.F.R. § 2509.75-8; *Walker v. Federal Express Corp.,* 492 Fed. App'x. 559, 565 (6th Cir. 2012); *Barrs v. Lockheed Martin Corp.,* 287 F.3d 202, 207 (1st Cir. 2002); *Plumb v. Fluid Pump Service, Inc.,* 124 F.3d 849, 854-55 (7th Cir. 1997). "[T]he issue of ERISA fiduciary status is a mixed question of fact and law." *Keith v. Metro. Life Ins. Co.,* CV H-15-1030, 2017 WL 2537296, at *4 (S.D. Tex. June 9, 2017) (citing *Reich v. Lancaster,* 55 F.3d 1034, 1044 (5th Cir. 1995)). Defendants here contend that the acts complained of were not discretionary, but that they instead deposited the monies received in the manner they were required to by the settlor and the Plan itself. On the record before it, the Court

agrees.

Further, there is no evidence that the alleged acts themselves were a breach of any specific duties owed to the Plaintiffs, or that the Plaintiffs were harmed by the actions. As the Fifth Circuit has noted, "ERISA does not expressly enumerate the particular duties of a fiduciary, but rather relies on the common law of trusts to define the general scope of a fiduciary's responsibilities." *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 412 (5th Cir. 2003) (internal quotation marks omitted), Plaintiffs have simply not produced any competent summary judgment evidence to withstand Defendants' motion here; and the Court is bound to render summary judgment in Defendants' favor.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment because there is no genuine dispute of material fact on Plaintiffs' claims, and Defendants are entitled to judgment in their favor as a matter of law.

Further, the Court **OVERRULES** the Defendants' objection to the Plaintiffs' late-filed Reply and further **DENIES** the Motion to Strike the Reply.

A final judgment will be entered separately.

SIGNED at Galveston, Texas, this 14th day of July, 2017.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge